SUMMONS ISSUED CV 12 2392

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 14 2012 ★
LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK (Central Islip)

Civil Docket No.:

SEYBERT, J.
LINDSAY, M.J.

SEAN SABETI,
*Plaintiff*

vs.

EDWARD A. MARON,
*Defendant*

**CIVIL RIGHTS**
**VERIFIED COMPLAINT**
(42 U.S.C §1983, §1985)

## JURISDICTION

1. Jurisdiction is proper in this court pursuant to: 42 U.S.C. §1983 and 42 U.S.C. §1985

2. Name of Plaintiff: SEAN SABETI
Plaintiff's Present Address: 3 Grace Avenue, Suite 400, Great Neck, New York 11021
Plaintiff is a Citizen of: State of New York

3. Name of Defendant: EDWARD A. MARON
Defendant is employed as: Justice of New York State Supreme Court, County of Nassau

Located at: New York State Supreme Court, Matrimonial Part, 400 County Seat Drive, Mineola, New York 11501
Defendant is a Citizen of: State of New York

Defendant's Conduct Against Plaintiff Occurred Under the Authority or Color of State Law.

## BRIEF SUMMARY:

Defendant, as a Justice of the New York Supreme Court, County of Nassau, improperly held the Plaintiff (An attorney who was representing a party in a Post-Matrimonial Relocation case) in Criminal Contempt of court and violated a number Constitutional rights of Plaintiff, e.g., 5th , 6th, 7th and 14th Amendments as afforded by the Due Process Clause. For instance, Defendant threatened Plaintiff to take the witness stand and testify or else face sever consequences. Another example was when Defendant refused to adjourn the Criminal Contempt Trial so that Plaintiff could be represented by counsel in the Criminal Contempt trial. There are numerous other examples of how improperly with such hatred and anger, Defendant conducted himself as a Justice of the New York State Supreme Court.

## NATURE OF CASE

Defendant, as a Justice of New York State Supreme Court, County of Nassau, repeatedly violated Plaintiff's civil rights by violating a number of Constitutional Amendments (5th, 6th, 7th, 14th) during the Post Matrimonial Relocation case. Previously, Defendant improperly held Plaintiff's client in the Relocation case in Contempt of Court and imposed a 120 day incarceration upon him. However, after Appellate Division for the Second Department reversed and vacated the Contempt Order, several days later, Defendant Maron, issued a Contempt Order against Plaintiff and held a Hearing during which a number Constitutional rights of Plaintiff was violated.

## CAUSES OF ACTION

Plaintiff alleges that my Constitutional Rights and privileges or immunities have been violated and that the following facts form the basis for my allegations:

### COUNT ONE:

Defendant improperly made a number Orders and Decision by which violated Plaintiff's Constitutional Rights as afforded by the 5th Amendment. On July 14, 2010, Defendant ordered Plaintiff to take the witness stand and testify in his own Criminal Contempt trial. Despite repeated cautions of Due Process violations and 5th Amendment violation, Defendant ignored the Constitutional rights of Plaintiff and threatened to take the Witness Stand or face severe consequences.

### COUNT TWO:

On July 13, 2010, at the Commencement of the Plaintiff's Criminal Contempt Hearing, Defendant refused a short adjournment of the Hearing so that Plaintiff could obtain a criminal defense attorney to represent him in the hearing. After repeated request, Defendant stated to Plaintiff, "Shame on You for using the Constitution as a sword, not as a shield".

### COUNT THREE:

During the Relocation Trial of the case, on July 15, 2009, after Plaintiff made an Objection, Defendant stopped the Court Reporter and stated to Plaintiff in an open court that "You better have a good Mal-Practice Insurance." Plaintiff demanded that the comment to be placed on the Record, at which time, Defendant told Plaintiff to "Shut Up and Sit Down". This instance was repeated by Defendant each time when Plaintiff begged the court to place those comments on the Record. Eventually, during the continuation of the trial, Plaintiff managed to memorialize the improper comments of the Defendant on the Record so that it was preserved for the Appellate review.

There are many other instances of Judicial Misconduct by Defendant while sitting as a Justice of Supreme Court of Nassau County.

## INJURY

There are numerous instances in Defendant's conduct that caused injury to Plaintiff, some of which are as follow:

Defendant's improper and vicious conduct as a Justice of the Supreme Court, violated Plaintiff's Civil Rights through various court appearances as well as a Criminal Contempt Hearing. Since then, Plaintiff who is a regular matrimonial attorney, has been treated differently by most of the Justices, court employees, staffs, court reporters, court officers. They often talk about my bitter incident of Contempt Hearing, shoutings of the Defendant at Plaintiff and/or at Plaintiff's client. Defendant conducted himself without any regards to his position to uphold the U.S. Constitution. Instead Defendant trampled on the Constitution in every opportunity he got. Defendant without holding a Contempt Hearing, first rendered a Decision by which directed Plaintiff to pay the other attorney, the sum of $4,500. Additionally, the other attorney, Anthony A. Capetola, Esq., owns and operates a luxury catering hall in Nassau County where most of Judicial fundraisings are held. Board of Election Disclosure Report indicates that Defendant in at least three instances held events at the catering hall that is owned and operated by Attorney Capetola in Plaintiff's Criminal Contempt Hearing.

Moreover, on the day of January 27, 2009, when Attorney Capetola appeared in the Relocation case, Defendant paid the sum of $2,500 to Attorney Capetola for using Capetola's catering hall for his fundraising. This was reported on Defendant's Board of Election Report.
Defendant improperly and without any reasons, rendered his Second Decision After Trial, (February 24, 2011) and without any basis declared that Plaintiff was often unprepared during the trial. Therefore, Defendant justified granting of $160,000 as attorney fee to Attorney Capetola. Primarily, based on that Decision, Plaintiff's former client commenced an action against Plaintiff for $137,000 plus a declaratory judgment so that he would not pay the balance of his legal fees in the amount of $77,000.

There are many other instances the Defendant repeatedly and without any regards to the Rules of the Court, CPLR rendered decisions and orders haphazardly. In total, Defendant issued about twenty Orders during the 17 month period that Plaintiff was involved in the litigation. There were 42 court appearances, 18 of which were Hearing.

Defendant who had no knowledge of Matrimonial Law, became a Supreme Court Justice at age 69. Defendant hardly followed the Domestic Relations Law or the CPLR because of lack of familiarity and inability to learn complicated divorce law such as Equitable Distribution of marital assets, Custody, Visitations, etc.

## PREVIOUS LAWSUITS OR ADMINISTRATIVE RELIEF:

There are No Previous Lawsuits between the parties. However, currently there is a Grievance Complaint file by Defendant against Plaintiff which is held in abeyance by the Grievance Committee for the 10th Judicial District. Additionally, there is an Appeal pending which is before the Appellate Division for the Second Department. Plaintiff intends to file a Complaint against Defendant with New York State Commission on Judicial Conduct (Stern Commission).

## REQUEST FOR RELIEF

Plaintiff has been repeatedly harmed and insulted by Defendant in the State Supreme Court. Without the transcripts and supporting documents, the conduct of Defendant on the bench as a Supreme Court Justice of the New York State would have been a horrific fiction. Unfortunately, it was not a fiction and Plaintiff has lived through more than three (3) years of Justice Maron's

abusive and corrupt conduct. Defendant's repeated violations of Plaintiff's Civil Rights were damaging to Plaintiff and as such Plaintiff is seeking an aware of a money judgment in the amount of $10,000,000.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C §1621.

Dated: Great Neck, New York
May 11, 2012

SEAN SABETI, Plaintiff *Pro Se*
3 Grace Avenue, Suite 400
Great Neck, New York 11021
Tel: (516) 333-4030
Fax: (516) 333-4032
E-Mail: Sean@Sabetilaw.com