UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

SEAN SABETI,

Plaintiff,

- against -

EDWARD A. MARON,

Defendant.

---------------------------------------------------------------------- X

Civil Action No.
12-CV-2392 (JS) (ARL)

**MEMORANDUM OF LAW**
**IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendant Edward A. Maron*

Marsha W. Yee
Assistant Attorney General
200 Old Country Road, Suite 240
Mineola, NY 11501
Telephone: (516) 248-3322
Facsimile: (516) 747-6432

The Attorney General of New York respectfully submits this memorandum of law in support of defendant Edward A. Maron's motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff Sean Sabeti, an attorney proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983, as well as 42 U.S.C. § 1985,[1] against the sole defendant, the Honorable Edward A. Maron, Supreme Court Justice, Nassau County (the "Complaint"). Sabeti seeks to recover money damages allegedly incurred as a result of Judge Maron's orders, decisions and comments during the course of a relocation case before Judge Maron, in which Sabeti was representing a client, and a related contempt hearing against Sabeti. According to the Complaint, Judge Maron allegedly violated Sabeti's constitutional rights by (1) ordering Sabeti to testify in his contempt hearing; (2) denying "a short adjournment" of that hearing; and (3) making comments during the relocation trial that violated Sabeti's constitutional rights in some unspecified and indiscernible way. Compl. at 2.[2] The Complaint further alleges that Judge Maron is, in essence, incompetent due to his "lack of familiarity [with] and inability to learn" the applicable law, and "corrupt" because he ruled in favor of Sabeti's opposing counsel, who has an interest in a catering hall "where most [] [j]udicial fundrais[ers] are held." *Id.* at 3-4. Sabeti seeks $10 million in damages for the injuries of being "treated differently" by most of the other Justices and court personnel and his now-former client's refusal to pay legal fees. *Id.*

---

1 42 U.S.C. § 1985 addresses conspiracies to interfere with civil rights. Two or more persons are required for a conspiracy. In addition, a Section 1985 claim with respect to a conspiracy to obstruct justice in state court requires that the conspirators act with intent to deny their victim(s) equal protection of the laws. 42 U.S.C. § 1985; *Kush v. Rutledge*, 460 U.S. 719, 725-26 (1983).

2 Although the Complaint's pages are not numbered, this memorandum refers to the page numbers provided by the ECF header on the filed Complaint.

## ARGUMENT

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court may begin by identifying pleadings that are no more than legal conclusions and therefore "are not entitled to the assumption of truth." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. Keycorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam)). A lawyer who proceeds *pro se*, however, is not entitled to such special consideration. *E.g., Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981) (recognizing that a practicing lawyer, who proceeded *pro se*, had "the means and the knowledge, or at least the ability to obtain the knowledge, to recognize that his claim . . . was unreasonable and groundless, if not frivolous," and remanding with instructions to award an attorney's fee to the County); *Bliven v. Hunt*, 418 F. Supp. 2d 135, 137 (E.D.N.Y. 2005) ("Although plaintiff proceeds *pro se* here, he is an experienced attorney and accordingly his pleading is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs."), *aff'd*,

579 F.3d 204 (2d Cir. 2009). Although Sabeti proceeds *pro se* here, he is a lawyer. Thus, this Court should not give the Complaint the benefit of the special consideration that is customarily granted to *pro se* parties.

## II. JUDGE MARON'S JUDICIAL IMMUNITY MANDATES DISMISSAL OF ALL CLAIMS

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is conferred to ensure "'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Bliven*, 579 F.3d at 209 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Even allegations of bad faith or malice cannot overcome judicial immunity. *Mireles*, 502 U.S. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Nor is a judge deprived of judicial immunity "'because the action he took was in error . . . or was in excess of his authority.'" *Id.* at 12-13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). The doctrine of judicial immunity applies to actions brought pursuant to 42 U.S.C. § 1983. *Pierson*, 386 U.S. at 554-55 (holding that judicial immunity for acts within the judicial role applied to 42 U.S.C. § 1983 action); *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997) (citing *Pierson*, 386 U.S. at 547).

It is well established that judicial immunity is overcome in only two sets of circumstances: (1) "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and (2) actions, though judicial in nature, "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. Whether an act is "judicial" depends on "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge," and "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. Where the issue is a judge's immunity, the scope of the judge's jurisdiction must be construed broadly. *Id.* at 356. Jurisdiction in this context refers to subject matter jurisdiction. *Id.* ("[T]he necessary

inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.").

Here, the Complaint does not allege that Judge Maron was acting in a non-judicial capacity or in the clear absence of jurisdiction. In fact, the Complaint in effect concedes that Judge Maron was acting in his judicial capacity because it complains about Judge Maron's acts while he was presiding over Sabeti's contempt hearing and the relocation case. Furthermore, as a Justice of New York State's Supreme Court, Judge Maron has general original jurisdiction. *See* N.Y. CONSTIT. art. VI, § 7; *see also* N.Y. FAM. CT. ACT § 115. Accordingly, Judge Maron is entitled to judicial immunity for all of Sabeti's claims, and the Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss should be granted in its entirety. Moreover, dismissal should be without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[A] futile request to replead should be denied.").

Dated: June 4, 2012
Mineola, New York

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
*Attorney for Defendant Edward A. Maron*

By: ______________________

Marsha W. Yee
Assistant Attorney General
200 Old Country Road, Suite 240
Mineola, NY 11501
Telephone: (516) 248-3322
Facsimile: (516) 747-6432
E-mail: Marsha.Yee@ag.ny.gov