```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SEAN SABETI,

                Plaintiff,

     -against-                                ORDER
                                              12-CV-2392(JS)(ARL)

EDWARD A. MARON,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Sean Sabeti, Pro Se
                    3 Grace Avenue, Suite 400
                    Great Neck, NY 11021

For Defendant:      Marsha W. Yee, Esq.
                    NYS Office of the Attorney General
                    Nassau Regional Office
                    200 Old Country Road, Suite 240
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Before the Court is the Complaint of pro se plaintiff Sean Sabeti ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 against the defendant, the Hon. Edward A. Maron, Justice of New York State Supreme Court, County of Nassau ("Defendant"). For the reasons that follow, the Plaintiff's Complaint is sua sponte DISMISSED.

## BACKGROUND

Plaintiff, who is alleged to be "an attorney who was representing a party in a Post-Matrimonial Relocation case" has filed a civil rights action pursuant to Section 1983 wherein he complains about the conduct of the presiding judge, Nassau County Supreme Court Justice Maron. According to the Complaint, Justice

Maron "improperly held the Plaintiff [] in Criminal Contempt of Court and violated a number [sic] Constitutional rights of Plaintiff, e.g., 5th, 6th, 7th and 14th Amendments as afforded by the Due Process Clause." Compl. at p. 1.[1] In support of this claim, Plaintiff alleges that

> Defendant threatened Plaintiff to take the witness stand and testify or else face sever [sic] consequences. Another example was when Defendant refused to adjourn the criminal Contempt Trial so that Plaintiff could be represented by counsel in the Criminal Contempt trial. There are numerous other examples of how improperly with such hatred and anger, Defendant conducted himself as a Justice of the New York State Supreme Court.

Id. In addition, Plaintiff describes that, on July 15, 2009, "after Plaintiff made an Objection, Defendant stopped the Court Reporter and stated to Plaintiff in open court that 'You better have good Mal-Practice Insurance." Id. at p. 2. Plaintiff alleges that he "demanded that the comment be placed on the Record, at which time Defendant told Plaintiff to 'Shut up and Sit Down.'" Id.

> Plaintiff further claims that he is a
>
> regular matrimonial attorney [who] has been treated differently by most of the Justices, court employees, staffs court reporters, [and] court officers. They often talk about my bitter incident of Contempt Hearing, shoutings

---

[1] Because Plaintiff's Complaint is not comprised of numbered paragraphs as is required by Federal Rule of Civil Procedure 10 and Local Civil Rule 11.1, the Court cites to the relevant page of the Complaint.

> [sic] of the Defendant at Plaintiff and/or
> Plaintiff's client. Defendant conducted
> himself without any regards to his position to
> uphold the U.S. Constitution. Instead,
> Defendant trampled on the Constitution in
> every opportunity he got. Defendant without
> holding a Contempt Hearing, first rendered a
> Decision by which [he] directed Plaintiff to
> pay the other attorney the sum of $4,500.
> Additionally, the other attorney, Anthony A.
> Capetola, Esq., owns and operates a luxury
> catering hall in Nassau County where most of
> [sic] Judicial fundraisings are held. Board
> of Election Disclosure Report indicates that
> Defendant in at least three instances held
> events at the catering hall that is owned and
> operated by Attorney Capetola in Plaintiff's
> Criminal Contempt Hearing.

Id. at p. 3.

> According to the Complaint,
>
> [t]here are many other instances [sic] the
> Defendant repeatedly and without any regards
> to the Rules of the Court, [sic] CPLR rendered
> decisions and orders haphazardly. In total,
> Defendant issued about twenty Orders during
> the 17 month period that Plaintiff was
> involved in the litigation . . . . Defendant
> who had no knowledge of Matrimonial Law,
> became a Supreme Court Justice at age 69.
> Defendant hardly followed the Domestic
> Relations Law or the CPLR because of lack of
> familiarity and inability to learn complicated
> divorce law such as Equitable Distribution of
> marital assets, Custody, Visitations, etc.

Id. Plaintiff also alleges that the Defendant has filed a grievance against him with the Grievance Committee for the 10th Judicial District and that the Plaintiff intends to file a Complaint against the Defendant with the New York State Commission on Judicial Conduct (Stern Commission). Id.

3

As a result of the foregoing, Plaintiff seeks to recover an "aware [sic] of a money judgment in the amount of $10,000,000." Compl. at p. 4.

## DISCUSSION

I. Standard of Review

Although the Court is generally required to read a pro se plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests, see, e.g., McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), here, given that the Plaintiff is a practicing attorney, his pleading is not entitled to the degree of liberality ordinarily given to pro se plaintiffs. See Dorfman v. Bruno, No. 09-CV-4355, 2011 WL 197885, at *2 (E.D.N.Y. Jan. 18, 2011) (citing Maloney v. Cuomo, 470 F. Supp. 2d 205, 209 (E.D.N.Y. 2007), aff'd, 554 F.3d 56 (2d Cir. 2009), vacated on other grounds, 561 U.S.__, 130 S. Ct. 3541, 177 L. Ed. 2d 1119 (2010)).

A district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. Fed. R. Civ. P. 12(h)(3); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont,

4

423 Fed. App'x. 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

II. Absolute Judicial Immunity

Plaintiff's Complaint is dismissed because Judge Maron is entitled to absolute judicial immunity. It is well-established that "[j]udges have traditionally enjoyed absolute immunity for damages arising out of judicial acts performed in their judicial capabilities." Rios v. Third Precinct Bay Shore, No. 08-CV-4641 (JFB)(ETB), 2009 WL 2601303, at *3 (E.D.N.Y. Aug. 20, 2009) (citing Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). The United States Supreme Court instructs that judges are immune from civil suits for money damages, except when their actions are taken in a non-judicial capacity or when their actions are taken in the complete absence of jurisdiction. Waco, 502 at 11-12, 112 S. Ct. at 288. Moreover, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." Id. (citing Pierson v. Ray, 386 U.S. at 54, 87 S. Ct. at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly")).

Here, Justice Maron is absolutely immune from this civil suit because it arises solely from actions he allegedly took from the bench while presiding over various proceedings involving the Plaintiff. All of alleged wrongful conduct by Justice Maron falls

5

squarely within the scope of absolute judicial immunity.[2] Accordingly, the Complaint is dismissed with prejudice and the Clerk of the Court is directed to close this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

Although Plaintiff paid the filing fee in this Court, should he seek to appeal this Order and apply for in forma pauperis status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 4, 2012
       Central Islip, New York

---

[2] The Court notes that although Plaintiff also alleges that his claims are brought pursuant to Section 1985, he has named Justice Maron as the sole Defendant and wholly fails to allege any allegations sufficient to support a conspiracy claim, even if absolute immunity did not bar his Complaint.